AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

─── OFFENSE CHARGED ───

Title 15, United States Code, Section 1 (Price Fixing)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment

E-Filing

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

── DEFENDANT - U.S ──
▶ SHARP CORPORATION

DISTRICT COURT NUMBER
CR 08    0802

FILED
NOV 12 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

─── DEFENDANT ───

IS NOT IN CUSTODY
  Has not been arrested, pending outcome this proceeding.
  1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
  2) ☐ Is a Fugitive
  3) ☐ Is on Bail or Release from (show District)

─── PROCEEDING ───
Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

Name and Office of Person Furnishing Information on this form   Niall E. Lynch
                                                                Assistant Chief, USDOJ, ANTITRUST DIVISION
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Joseph P. Russoniello

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
  ☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
  ☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET

Company: SHARP CORPORATION

Maximum Penalties: (For Each Count):

1. A fine in an amount equal to the largest of:

    A. $100 Million.

    B. Twice the gross pecuniary gain derived from the crime.

    C. Twice the gross pecuniary loss caused to the victims of the crime.

2. A term probation of at least one year but not more than five years.

3. $400 special assessment for each count.

4. Restitution.

**FILED**
NOV 1 2 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  NIALL E. LYNCH (State Bar No. 157959)
   MICHAEL L. SCOTT (State Bar No. 165452)
2  DAVID J. WARD (State Bar No. 239504)
   HEATHER S. TEWKSBURY (State Bar No. 222202)
3  ALEXANDRA J. SHEPARD (State Bar No. 205143)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA 94102
6  Telephone: (415) 436-6660         E-Filing

7  Attorneys for the United States

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

UNITED STATES OF AMERICA        )   CR 08 CR   0802
                                )
                                )   **INFORMATION**
                                )
            v.                  )   VIOLATIONS:                PJH
                                )   Title 15, United States Code,
                                )   Section 1 (Price Fixing)
                                )
SHARP CORPORATION,              )
                                )   San Francisco Venue
                                )
            Defendant.          )
                                )
_____)

                                I.

         COUNT ONE - CONSPIRACY TO RESTRAIN TRADE BY PRICE FIXING

         The United States of America, acting through its attorneys, charges:

                        DESCRIPTION OF THE OFFENSE

         1.    SHARP CORPORATION ("defendant") is made a defendant on the charge stated below.

         2.    From on or about April 1, 2001 to on or about December 1, 2006, defendant and its coconspirators entered into and engaged in a combination and conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of thin-film transistor

INFORMATION - SHARP CORP.

1  liquid crystal display panels ("TFT-LCD") sold to Dell Inc. ("Dell") for use in computer
2  monitors and laptops. The combination and conspiracy engaged in by the defendant and its
3  coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in
4  violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

5   3. The charged combination and conspiracy consisted of a continuing agreement,
6  understanding, and concert of action among the defendant and its coconspirators, the substantial
7  terms of which were to agree to fix the prices of TFT-LCD to be sold to Dell.

8   4. For the purpose of forming and carrying out the charged combination and
9  conspiracy, the defendant and its coconspirators did those things that they combined and
10 conspired to do, including, among other things:

   (a) participating in bilateral meetings, conversations, and communications in Japan and the United States to discuss the prices of TFT-LCD to be sold to Dell;

   (b) agreeing, during those bilateral meetings, conversations, and communications, to charge prices of TFT-LCD to be sold to Dell at certain predetermined levels;

   (c) issuing price quotations in accordance with the agreements reached; and

   (d) exchanging information on sales of TFT-LCD sold to Dell, for the purpose monitoring and enforcing adherence to the agreed-upon prices.

## DEFENDANT AND COCONSPIRATORS

5. SHARP CORPORATION is a corporation organized and existing under the laws of Japan. During the period covered by this Information, SHARP CORPORATION engaged in the business of producing and selling TFT-LCD to customers in the United States and elsewhere.

6. Various corporations and individuals, not made defendants in this Information, participated as coconspirators in the offenses charged in this Information and performed acts and made statements in furtherance of it.

7. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction

INFORMATION - SHARP CORP.          Page 2

1 by or through its officers, directors, employees, agents, or other representatives while they were
2 actively engaged in the management, direction, control, or transaction of its business or affairs.

### TRADE AND COMMERCE

8. TFT-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated to display images. TFT-LCD are manufactured in a broad range of sizes and specifications for use in televisions, notebook computers, desktop monitors, mobile devices, and other applications.

9. During the period covered by this Information, the defendant and its coconspirators sold and distributed TFT-LCD in a continuous and uninterrupted flow of interstate and foreign trade and commerce to customers located in states or countries other than the states or countries in which the defendant and its coconspirators produced TFT-LCD.

10. The business activities of the defendant and its coconspirators that are the subject of this Information were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### JURISDICTION AND VENUE

11. The combination and conspiracy charged in Count One of this Information was carried out, in part, in the Northern District of California, within the five years preceding the filing of this Information.

II.

### COUNT TWO - CONSPIRACY TO RESTRAIN TRADE BY PRICE FIXING

The United States of America, acting through its attorneys, charges:

### DESCRIPTION OF THE OFFENSE

12. SHARP CORPORATION is made a defendant on the charge stated below.

13. From on or about September 1, 2005 to on or about December 1, 2006, defendant and its coconspirators entered into and engaged in a combination and conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of TFT-LCD sold to Apple Computer Inc. ("Apple") for use in iPod portable music players. The combination and conspiracy engaged in by the defendant and its coconspirators was in unreasonable restraint

INFORMATION - SHARP CORP.        Page 3

1 of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15
2 U.S.C. § 1).

3     14.    The charged combination and conspiracy consisted of a continuing agreement,
4 understanding, and concert of action among the defendant and its coconspirators, the substantial
5 terms of which were to agree to fix the prices of TFT-LCD to be sold to Apple.

6     15.    For the purpose of forming and carrying out the charged combination and
7 conspiracy, the defendant and its coconspirators did those things that they combined and
8 conspired to do, including, among other things:

    (a)    participating in bilateral meetings, conversations, and communications in Japan and the United States to discuss the prices of TFT-LCD to be sold to Apple;

    (b)    agreeing, during those bilateral meetings, conversations, and communications, to charge prices of TFT-LCD to be sold to Apple at certain predetermined levels;

    (c)    issuing price quotations in accordance with the agreements reached; and

    (d)    exchanging information on sales of TFT-LCD to Apple, for the purpose of monitoring and enforcing adherence to the agreed-upon prices.

DEFENDANT AND COCONSPIRATORS

19     16.    Paragraphs five through seven are realleged as if fully set forth here.

TRADE AND COMMERCE

21     17.    Paragraphs eight through ten are realleged as if fully set forth here.

JURISDICTION AND VENUE

23     18.    The combination and conspiracy charged in Count Two of this Information was
24 carried out, in part, in the Northern District of California, within the five years preceding the
25 filing of this Information.

III.

COUNT THREE - CONSPIRACY TO RESTRAIN TRADE BY PRICE FIXING

28     The United States of America, acting through its attorneys, charges:

INFORMATION - SHARP CORP.        Page 4

## DESCRIPTION OF THE OFFENSE

19. SHARP CORPORATION is made a defendant on the charge stated below.

20. From in or about the fall of 2005 to in or about the middle of 2006, defendant and its coconspirators entered into and engaged in a combination and conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of TFT-LCD sold to Motorola Inc. ("Motorola") for use in Razr mobile phones. The combination and conspiracy engaged in by the defendant and its coconspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

21. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its coconspirators, the substantial terms of which were to agree to fix the prices of TFT-LCD to be sold to Motorola.

22. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and its coconspirators did those things that they combined and conspired to do, including, among other things:

    (a) participating in bilateral meetings, conversations, and communications in Japan and the United States to discuss the prices of TFT-LCD to be sold to Motorola;

    (b) agreeing, during those bilateral meetings, conversations, and communications, to charge prices of TFT-LCD to be sold to Motorola at certain predetermined levels;

    (c) issuing price quotations in accordance with the agreements reached; and

    (d) exchanging information on sales of TFT-LCD to Motorola, for the purpose of monitoring and enforcing adherence to the agreed-upon prices.

## DEFENDANT AND COCONSPIRATORS

23. Paragraphs five through seven are realleged as if fully set forth here.

## TRADE AND COMMERCE

24. Paragraphs eight through ten are realleged as if fully set forth here.

///

INFORMATION - SHARP CORP.        Page 5

1 | JURISDICTION AND VENUE

2 | 25. The combination and conspiracy charged in Count Three of this Information was carried out, in part, in the Northern District of California, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Thomas O. Barnett
Assistant Attorney General

Scott D. Hammond
Deputy Assistant Attorney General

Marc Siegel
Director of Criminal Enforcement
United States Department of Justice
Antitrust Division

Joseph P. Russoniello
United States Attorney
Northern District of California

Phillip H. Warren
Chief, San Francisco Office

Niall E. Lynch
Assistant Chief, San Francisco Office

David J. Ward
Michael L. Scott
Heather S. Tewksbury
Alexandra J. Shepard
Attorneys
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
(415) 436-6660

///
///
///
///
///
///
///

INFORMATION - SHARP CORP.        Page 6